*Preston* for the plaintiff, *M·Caleb* for the defendant.

GOULD
*vs.*
BRIDGERS.

---

## DAVENPORT'S HEIRS vs. FORTIER & AL.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This is a suit brought to recover the first instalment of the price of a tract of land sold at a probate sale and purchased by one of the present parties defendant, for whom the other became surety. The sum of $4033 13 is claimed, and judgment being rendered for that amount in the court below, in favor of the plaintiffs; the defendants appealed.

The case comes up on a bill of exceptions to the opinion of the judge *a quo* by which he rejected testimony offered on the part of the appellants to prove a deficiency of more than one twelfth part of the whole tract of land. And the judge's refusal to allow an amended answer in which the defendants offered to plead, that he had sold and conveyed the property a third person. This last exception was

Although the time to bring the action of rescission *a quanti minoris*, be elapsed, the vendee may successfully oppose the vendor's suit.

Although the action of *quanti minoris* does not lie on a judicial sale, on account of a vice or defect in the thing sold, the vendee may avail himself of a want of quantity.

East'n District,
*June* 1825.

DAVENPORT'S
HEIRS
*vs.*
FORTIER & AL.

abandoned by the appellant's counsel. As to the first we are of opinion that the judge erred. The evidence was rejected on the ground of limitation to actions for diminution of price or cancelling of contracts on the part of Buger; *Civ. Code*, 352, *art.* 46. Although the right of a purchaser to sue in such cases, be barred by the lapse of a year, he does not lose his privilege to except to the payment of the full price (in an action brought by the seller,) on the ground of a deficiency in the quantity of the immoveable sold. This question has already been settled in the case of *Thompson* vs. *Millburne*; see *vol.* 1, 468.

But admitting that the defendants ought to to be allowed the benefit of this exception, it is contended by the counsel for the plaintiffs that the present case is not one to which the provisions of the code, in relation to surplus or deficiency in land sold are applicable. Because he says there is no indication of the extent of the premises at the rate of so much per measure; in other words it is a sale *per avensionem*, and as in such cases, the purchaser would be entitled to any surplus which might exist in the tract, without the payment of additional price; so on the other hand, the vendor ought not to

East'n. District.
*June* 1825.

DAVENPORT'S
HEIRS.
*vs.*
FORTIER & AL.

be compelled to a reduction in the event of deficiency.

We believe that neither of these propositions is true. In the first place, the extent of the front and depth of the land in question were fully indicated by acres and fractions in front, and by ordinary depth. The courses of the side lines were also specified; by all which the superficial quantity could easily be ascertained; and *id certum est quod certum reddi potest.* Should it be admitted that the sale which gives rise to the present action was one *per aversionem;* it does not follow, as a consequence, that the converse of the proposition, which allows a purchaser to retain the whole field, although it exceeds the estimated quantity, without additional price, is true; that is, that the seller is not bound to diminish the price, in proportion to the deficiency of the thing sold. See *Pothier, contrat de vente, chap. 3, de la quantité de la chose vendue.*

An other objection is made to the claim of diminution of the price, on the ground of the sale being a judicial sale, in which the action of redhibition is not allowed; and in support of this doctrine, we are referred to the *Civ. Code,* 358 *art.* 74. The action of redhibition, there

East'n. District.
June 1825.

DAVENPORT'S
HEIRS.
*vs.*
FORTIER & AL.

spoken of, relates to the defects and vices of things, not to any deficiency, in quantity; therefore, although it has already been decided, that sales made by order of a court of probates, at the instance, and for the benefit of the heirs of a succession, are of the nature of judicial sales; still, we are of opinion, that the law has not any application to deficiencies of quantity in an immoveable, sold by a court of probates. Although the defendants in their answer claim a rescission of the sale, that ought not to deprive them of the benefit of their exception *quanti minoris.*

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be avoided, reversed and annulled, and that the cause be remanded to said court, to be tried *de novo*, with instructions to admit all legal evidence, to shew the deficiency alleged in the answer of the land sold, and that the appellees pay costs of this appeal.